IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK HORAN,** | : | CIVIL ACTION NO. 1:22-CV-1166 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **THADDEUS GROSS,** *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 10th day of January, 2024, upon consideration of the motion to dismiss and motions to strike (Docs. 35-36, 38), and the parties' respective briefs in support of and opposition to said motions, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 35) to strike filed by defendants Gross, Cyrus, Fells, Harry, Jedrzejek, Murray, and Butler ("DOC defendants") is GRANTED to the extent it seeks to strike from the amended complaint plaintiff's claim of retaliation that occurred after the filing of this lawsuit.

2. Plaintiff's claim of retaliation that occurred after the filing of this lawsuit is deemed stricken and shall not be considered as part of this case.

3. DOC defendants' motion to strike is DENIED in all other respects.

4. Plaintiff's motion (Doc. 38) to strike defendant Wanga's affirmative defenses is GRANTED.

5. Defendant Wanga's affirmative defenses (see Doc. 34 at 6-9) are deemed stricken and shall not be considered as part of this case.

6. DOC defendants' motion (Doc. 36) to dismiss is GRANTED in part and DENIED in part.

7. Plaintiff's claim arising from his placement in Camp Hill State Correctional Institution, plaintiff's claim arising from the revocation of his single cell status, plaintiff's claim alleging deliberate indifference to the risk of harm from his cellmates, plaintiff's claim of inadequate medical care, and plaintiff's claims against defendants Harry and Fells are DISMISSED with prejudice.

8. DOC defendants' motion to dismiss is DENIED to the extent it seeks dismissal of plaintiff's claim of inadequate mental health care.

9. Plaintiff's retaliation claim against defendants Butler, Murray, and Jedrzejek is SEVERED from this case pursuant to Federal Rule of Civil Procedure 21.

10. The Clerk of Court is directed to open a new civil case with respect to plaintiff's retaliation claim against defendants Butler, Murray, and Jedrzejek. The caption of this new case shall be Patrick Horan, Plaintiff v. Edward Butler, Sean Murray, and Philip Jedrzejek, Defendants.

11. The Clerk of Court is directed to docket this order and the accompanying memorandum as Documents 1 and 2 in the new case. No complaint shall be docketed in the new case at this time.

12. The Clerk of Court is directed to issue a 30-day administrative order in the new case requiring plaintiff pay the requisite filing fee or move for leave to proceed *in forma pauperis* within 30 days. Failure to comply with the 30-day administrative order will result in dismissal of the new case without prejudice.

13. Plaintiff is directed to file an amended complaint in the new case within 60 days of the date of this order. The amended complaint shall be limited in scope to the retaliation claim against defendants Butler, Murray, and Jedrzejek. Failure to file an amended complaint in the new case may result in dismissal of the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14. The instant case shall proceed solely as to plaintiff's deliberate indifference claim arising from allegedly insufficient mental health treatment against defendants Gross, Cyrus, and Wanga and plaintiff's deliberate indifference to the risk of suicide claim against defendant Gross. Plaintiff's amended complaint (Doc. 32) shall remain the operative complaint in the instant case.

15. The Clerk of Court is directed to terminate all defendants other than Gross, Cyrus, and Wanga from the docket of this case.

16. Defendants Gross and Cyrus shall answer plaintiff's amended complaint in accordance with the Federal Rules of Civil Procedure.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania